NO. 18-3874

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DENNIS GALLIVAN,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Ohio

# BRIEF OF APPELLEE

JUSTIN E. HERDMAN
United States Attorney
Northern District of Ohio

BY: Ruchi V. Asher
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
Telephone: (216) 622-3718

Attorney for Appellee

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ........ iv

STATEMENT IN SUPPORT OF ORAL ARGUMENT ........ ix

JURISDICTIONAL STATEMENT ........ 1

STATEMENT OF THE ISSUES ........ 1-2

STATEMENT OF THE CASE ........ 2

I. FACTS RELEVANT TO THE ISSUE ........ 2

II. PROCEDURAL HISTORY ........ 2

III. RULING PRESENTED FOR REVIEW ........ 3

SUMMARY OF THE ARGUMENT ........ 3

ARGUMENT ........ 5

I. STATEMENT OF THE STANDARD OF REVIEW. ........ 5

II. LIABILITY UNDER THE FTCA ........ 5

III. OHIO'S AFFIDAVIT OF MERIT RULE ........ 6

IV. OHIO'S AFFIDAVIT OF MERIT RULE IS A SUBSTANTIVE LAW AND APPLICABLE TO CLAIMS UNDER THE FTCA ........ 8

V. WHETHER A DISMISSAL IS "WITH PREJUDICE" HAS NO BEARING ON WHETHER THE RULE IS SUBSTANTIVE OR PROCEDURAL ........ 14

VI. OTHER CIRCUIT COURTS HAVE FOUND SIMILAR AFFIDAVIT OF MERIT REQUIREMENTS ARE SUBSTANTIVE STATE LAW APPLICABLE TO FTCA ACTIONS....................16

VII. MINORITY APPROACH FINDING THAT OHIO R. CIV. P. 10(D)(2) CONFLICTS WITH THE FEDERAL RULES OF CIVIL PROCEDURE IS NOT APPLICABLE TO SUITS UNDER THE FTCA....................17

VIII. OHIO R. CIV. P. 10(D)(2) DOES NOT CONFLICT WITH THE FEDERAL RULES OF CIVIL PROCEDURE....................20

CONCLUSION....................22

CERTIFICATE OF SERVICE

ADDENDUM

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

# TABLE OF AUTHORITIES

CASES PAGE(S)

Ayala v. United States, No. 12-5474, 2013 U.S. App. LEXIS 26330, (6th Cir. Jan. 10, 2013) ........ 8

Bennafield v. United States, No. 4:12CV3010, 2013 WL 5173221 (N.D. Ohio Sept. 12, 2013) ........ 9, 14

Bierbauer v. Manenti, No. 4:09CV2142, 2010 WL 4008835 (N.D. Ohio Oct. 12, 2010) ........ 9

Borders v. Lappin, No. 1:11-cv-1514, 2013 WL 3804858 (N.D. Ohio July 19, 2013) ........ 9, 14

Braddock v. Orlando Reg'l Health Care Sys., Inc., 881 F. Supp. 580 (M.D. Fla. 1995) ........ 22

Bramson v. Sulayman, 251 F. App'x. 84 (3d Cir. 2007)........ 16

Burns v. United States, 542 F. App'x 461 (6th Cir. 2013) ........ 8

Bush v. United States, No. 1:13-cv-406, 2014 WL 1308512 (S. D. Ohio Mar. 31, 2014) ........ 9, 14

Carlson v. Green, 446 U.S. 14 (1980) ........ 6

Cestnick v. Fed. Bureau of Prisons, 84 F. App'x 51 (10th Cir. 2003) ........ 17

Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir. 2000) ........ 18, 21

Chomic v. United States, 377 F.3d 607 (6th Cir. 2004) ........ 6

Clark v. Sarasota Cty. Pub. Hosp. Bd., 65 F. Supp. 2d 1308
(M.D. Fla. 1998) ........................................................................... 21

Daniel v. United States, 716 F. Supp. 2d 694
(N.D. Ohio 2010) ............................................................. 9, 12, 14, 16

Daniels v. United States, No. 11-5009, 2011 WL 13202357
(6th Cir. Oct. 7, 2011) ..................................................................... 8

Davis v. United States, 302 F. Supp. 3d 951
(S.D. Ohio 2017) ................................................................... 9, 13-14

Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) .................................. 10, 11, 18

FDIC v. Meyer, 510 U.S. 471 (1994) ......................................................... 5

Flonery v. United States, No. 4:17CV1068, 2018 WL 3537139
(N.D. Ohio July 23, 2018) ........................................................... 9, 13

Fletcher v. Univ. Hosps. of Cleveland, 897 N.E.2d 147
(Ohio 2008) ........................................................ 7, 8, 13, 14, 15, 21

Fonseca v. United States, No. 1:13CV1710, 2013 WL 6797736
(N.D. Ohio Dec. 23, 2013) ...................................................... 9, 14, 16

Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99 (1945) .......................... 10, 18

Hahn v. Walsh, 762 F.3d 617 (7th Cir. 2014) ............................................. 21

Hanna v. Plumer, 380 U.S. 460
(1965) ............................................................ 4, 5, 10, 11, 12, 13, 15, 18, 20

Hill v. SmithKline Beecham Corp., 393 F.3d 1111 (10th Cir. 2004) .............. 16, 19

Himes v. United States, 645 F.3d 771 (6th Cir. 2011) ......................................... 19

Horne v. United States, 223 F. App'x 154 (3d Cir. 2007) .................................... 17

Jones v. Corr. Med. Servs., Inc., 845 F. Supp. 2d 824
(W.D. Mich. 2012) ........................................................................... 17, 21

Kennedy v. VA, No. 2:11-cv-150, 2013 WL 5524686
(S.D. Ohio Oct. 4, 2013) .............................................................................. 9, 14

Lumbermen's Mut. Cas. Co. v. Wright, 322 F.2d 759 (5th Cir. 1963) ................. 18

Mathison v. United States, 44 F. App'x 27 (8th Cir. 2002) ................................. 17

Myers v. United States, 17 F.3d 890 (6th Cir. 1994) ............................................. 6

Nicholson v. Catholic Health Partners, No. 4:08CV2410, 2009 WL 700768
(N.D. Ohio Mar. 13, 2009) .......................................................................9, 10, 11

Nicholson v. Collins, No. 1:09cv137, 2009 WL 4147884
(S.D. Ohio Nov. 23, 2009) ................................................................................ 9

O'Neil v. Anderson, 372 F. App'x 400 (4th Cir. 2010) ....................................... 17

Perotti v. Medlin, No. 4:05CV2739, 2009 WL 723230
(N.D. Ohio Mar. 16, 2009) ................................................................................ 9

Preferred Capital, Inc. v. Sarasota Kennel Club, Inc., 489 F.3d 303
(6th Cir. 2007) .................................................................................................. 10

Ragan v. Merchs. Transfer & Warehouse Co., 337 U.S. 530 (1949) ..................... 18

Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,
559 U.S. 393 (2010) .......................................................... 4, 5, 17, 19, 20

Shropshire v. Laidlaw Transit, Inc., 550 F.3d 570 (6th Cir. 2008) .................. 9, 15

Smith v. United States, 498 F. App’x 120 (3d Cir. 2012) .................................... 16

Swails v. United States, 406 F. App’x. 124 (9th Cir. 2010) ................................. 16

Thomas v. Eby, 481 F.3d 434 (6th Cir. 2007) .......................................................... 5

Thompson v. United States, No. 1:13-CV-00550, 2013 WL 3480347
(N.D. Ohio July 10, 2013) ........................................................................ 18

United States v. Testan, 424 U.S. 392 (1976) ........................................................... 5

Walker v. Armco Steel Corp., 446 U.S. 740 (1980) ............................................. 20

Welker v. United States, No. 1:10CV670, 2010 U.S. Dist. LEXIS 146090
(N.D. Ohio, June 10, 2010) ................................................................ 9, 14

Young v. United States, 71 F.3d 1238 (6th Cir. 1995) .........................................4, 6

STATUTES

28 U.S.C. § 1291 ......................................................................................... 1

28 U.S.C. § 1346(b) ........................................................................ ix, 1, 4, 5, 6

28 U.S.C. § 1346(b)(1) ........................................................... 3, 6, 17, 18, 19

8 U.S.C. § 1915(e)(2) .......................................................................................... 5

28 U.S.C. § 1915(e)(2)(B)(ii) ................................................................................ 2

28 U.S.C. §§ 2671-2680 ....................................................................... ix, 1, 2, 5

28 U.S.C. § 2674 .................................................................. 3, 4, 6, 12, 17, 18

STATE STATUTES

Ohio Rev. Code § 2305.113 .................................................................................. 7

Tenn. Code Ann. § 29-26-122(c) .......................................................................... 8

FEDERAL RULES

Fed. R. Civ. P. 8 ........................................................................... 2, 4, 20, 22

Fed. R. Civ. P. 9 ........................................................................... 2, 4, 20, 22

Fed. R. Civ. P. 23 .................................................................................... 19

STATE RULES

Ohio R. Civ. P. 10(D)(2) ........................................................................ passim

Ohio R. Civ. P. 10(D)(2)(a) ............................................................................ 4, 7

Ohio R. Civ. P. 10(D)(2)(d) .......................................................................... 8, 15

Pa. R. Civ. P. 1042.3(a) ........................................................................................ 16

## STATEMENT REGARDING ORAL ARGUMENT

The question of whether Ohio's affidavit of merit rule, Ohio R. Civ. P. 10(D)(2), is applicable to medical malpractice actions brought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680, is one of first impression for this Court. There is a split of authority in the district courts in Ohio on this question, and the Appellee United States submits that the decisional process would be significantly aided by oral argument.

## JURISDICTIONAL STATEMENT

The basis for subject-matter jurisdiction in the district court was 28 U.S.C. § 1346(b) because Plaintiff-Appellant Dennis Gallivan brought this civil action against Defendant-Appellee United States of America pursuant to the Federal Tort Claims Act [hereinafter FTCA], 28 U.S.C. §§ 2671-2680. The basis for appellate jurisdiction is 28 U.S.C. § 1291, conferring subject-matter jurisdiction for all final decisions of the district courts. On August 30, 2018, the district court entered final judgment disposing of all parties' claims. (R. 7 Mem. Op. & Order PageID # 28-34; R. J. Entry PageID # 35.) On September 14, 2018, Gallivan timely filed a Notice of Appeal of the district court's Order dismissing the case sua sponte. (R. 9 Notice of Appeal PageID # 36.)

## STATEMENT OF THE ISSUES

The FTCA waives the United States' sovereign immunity from tort suits only in cases where a private person in like circumstances would be liable under state law. The Ohio Rules of Civil Procedure requires a plaintiff in a medical malpractice action to attach an affidavit of merit, from a qualified expert, to his complaint, stating, among other things, that the standard of care was breached by the defendant and that breach caused injury to the plaintiff. Failure to attach the affidavit results in dismissal of the complaint. The issues presented here are:

1. Whether Gallivan's suit under the FTCA could properly go forward even though he failed to comply with the affidavit of merit requirement; and

2. Whether Ohio's affidavit of merit requirement conflicts with Federal Rules of Civil Procedure 8 and 9.

## STATEMENT OF THE CASE

### I. FACTS RELEVANT TO THE ISSUE

On March 9, 2018, Gallivan, a federal prisoner, filed a Complaint against the United States under the FTCA, 28 U.S.C. §§ 2671-2680 (R. 1 Compl. PageID # 1), in which he alleged that the Bureau of Prisons [hereinafter BOP] negligently performed hand surgery and failed to provide adequate post-surgery treatment. (Id. ¶ 21 PageID # 3.) He properly alleged that he exhausted his administrative remedies as required under the FTCA. (Id. ¶ 22.) However, Gallivan did not attach an affidavit of merit containing the opinion of a qualified medical professional that, after reviewing the available medical records, the standard of care was breached and the breach caused injury to Gallivan. (Id.) In addition, the Complaint did not contain a request for additional time in which to file such an affidavit. (Id.)

### II. PROCEDURAL HISTORY

The United States of America was not served with Gallivan's Complaint. Instead, the district court reviewed the Complaint prior to service and dismissed it under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. (R. 7 Mem. Op. &

Order PageID # 28-34; R. 8 J. Entry PageID # 35.) Specifically, the district court explained that Ohio R. Civ. P. 10(D)(2) was a substantive Ohio rule, that its requirements applied to Gallivan's medical negligence claim under the FTCA, and that Gallivan's failure to file an affidavit of merit rendered his Complaint subject to dismissal without prejudice. (Id. PageID # 33-34.)

## III. RULING PRESENTED FOR REVIEW

The district court's August 30, 2018 ruling dismissing the case for failure to file an affidavit of merit as required by Ohio R. Civ. P. 10(D)(2). (R. 7 Mem. Op & Order PageID # 28-34; R. 8 J. Entry PageID # 35.)

## SUMMARY OF THE ARGUMENT

The district court properly dismissed Gallivan's Complaint for failure to state a claim. Ohio R. Civ. P. 10(D)(2) is a substantive, not procedural, rule requiring Gallivan to attach a compliant affidavit of merit to his Complaint. Moreover, Ohio R. Civ. P. 10(D)(2) does not conflict with the Federal Rules of Civil Procedure.

The FTCA makes the United States liable for torts only under circumstances where "a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), and an FTCA suit cannot go forward when a plaintiff fails to state a claim against a private individual under state law. Id.; 28 U.S.C. § 2674. Under Ohio law, a plaintiff must attach to his complaint an affidavit of merit from an expert witness stating, among

other things, that the standard of care was breached by the defendant and that the breach caused injury to the plaintiff. Ohio R. Civ. P. 10(D)(2)(a). This requirement is a condition precedent for instituting a cause of action for medical malpractice claims and thus is part of Ohio's substantive state law, applicable to FTCA actions. Although the Ohio rule is before this Court for the first time, this Court has found that a similar Tennessee law is a substantive law applicable to FTCA actions, and courts around the country have applied similar state laws and rules to FTCA actions, finding that such affidavit of merit requirements are state substantive law. Thus, the district court correctly dismissed Gallivan's suit for failure to comply with this condition precedent to suit.

The approach of a minority of district courts in Ohio, finding that Ohio R. Civ. P. 10(D)(2) conflicts with Fed. R. Civ. P. 8 and 9, is not appropriate to a suit brought under the FTCA. That approach, which relies on Hanna v. Plumer, 380 U.S. 460 (1965) and Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010), provides a framework for the applicable law in cases arising under a court's diversity jurisdiction, whereas the FTCA's waiver of sovereign immunity for tort claims must be narrowly construed and requires that a court apply the substantive law of the place where the act or omission occurred. Young v. United States, 71 F.3d 1238, 1242 (6th Cir. 1995) (citing 28 U.S.C. §§ 1346(b) and 2674, and Friedman v. United States, 927 F.2d 259, 261 (6th Cir. 1991)). Even if such an approach were

appropriate under the FTCA, Ohio R. Civ. P. 10(D)(2) does not conflict with the Federal Rules of Civil Procedure. Rules 8 and 9 dictate the content of pleadings but have nothing to say about the content of the affidavit of merit, which is not a pleading itself and does not replicate any of the required content of the complaint. Absent a direct conflict, Ohio R. Civ. P. 10 (D)(2) should apply, even under the Hanna and Shady Grove analysis of the Supreme Court in diversity cases.

## ARGUMENT

### I. STATEMENT OF THE STANDARD OF REVIEW

This Court reviews de novo a district court's sua sponte dismissal of a pro se litigant's claim under 28 U.S.C. § 1915(e)(2). Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007).

### II. LIABILITY UNDER THE FTCA

A plaintiff may only bring a claim in tort against the United States under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The United States, as a sovereign, is immune from suit except to the extent it consents to be sued, and the terms of its consent must be strictly construed. FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Testan, 424 U.S. 392, 400 (1976). Congress has expressly waived sovereign immunity in the FTCA. 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA is "a limited waiver of sovereign immunity and allows tort claims against the United States 'in the same manner and to the same extent as a private individual under like

circumstances.'" Chomic v. United States, 377 F.3d 607, 609 (6th Cir. 2004) (quoting 28 U.S.C. § 2674). Accordingly, the FTCA "'waives sovereign immunity to the extent that state law would impose liability on a private individual in similar circumstances.'" Id. at 609-10 (quoting Young, 71 F.3d at 1241).

"[T]he FTCA does not create liability, it merely waives sovereign immunity to the extent that state-law would impose liability on a 'private individual in similar circumstances,'" Myers v. United States, 17 F.3d 890, 899 (6th Cir. 1994), and thus, "an action under FTCA exists only if the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward." Carlson v. Green, 446 U.S. 14, 23 (1980).

Because there is no civil tort law applicable to the United States, liability is determined under the state law where the act or omission occurred. Young, 71 F.3d at 1242, (citing 28 U.S.C. §§ 1346(b) and 2674 and Friedman v. United States, 927 F.2d 259, 261 (6th Cir. 1991)). Thus, pursuant to 28 U.S.C. §§ 1346(b)(1) and 2674, the substantive tort law of Ohio governs Gallivan's Complaint alleging medical malpractice occurring in Ohio. (R. 1 Compl. PageID # 1-3.)

## III. OHIO'S AFFIDAVIT OF MERIT RULE

The Ohio Rules of Civil Procedure require a litigant bringing a medical malpractice claim to file, with the complaint, an affidavit of merit by an expert witness stating, among other things, that the standard of care was breached by the

defendant and that the breach caused injury to the plaintiff. Ohio R. Civ. P. 10(D)(2). The rule states:

> (2) Affidavit of Merit; Medical, Dental, Optometric, and Chiropractic Liability Claims.
>
> (a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in R.C. 2305.113 [Ohio Revised Code], shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid. R. 702 [Ohio Rules of Evidence] and, if applicable, also meeting the requirements of Evid. R. 601(D). Affidavits of merit shall include all of the following:
>
> > (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
> >
> > (ii) A statement that the affiant is familiar with the applicable standard of care;
> >
> > (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

Ohio R. Civ. P. 10(D)(2)(a).

According to the Ohio Supreme Court, "the purpose behind the rule is to deter the filing of frivolous medical malpractice claims." Fletcher v. Univ. Hosps. of Cleveland, 897 N.E.2d 147, 149 (Ohio 2008). The rule ensures that "only those plaintiffs truly aggrieved at the hands of the medical profession have their day in court." Id. In addition, the affidavit of merit requirement is part of the prima facie

case of a medical claim. Id. at 150. This is because Ohio R. Civ. P. 10(D)(2)(d) specifically states that an "affidavit of merit is required to establish the adequacy of the complaint…." In other words, a plaintiff does not have the right to even bring a medical claim in Ohio without an affidavit of merit. Thus, a court may dismiss a complaint for failure to state a claim when a plaintiff fails to include an affidavit of merit. Fletcher, 897 N.E.2d at 150.

## IV. OHIO'S AFFIDAVIT OF MERIT RULE IS A SUBSTANTIVE LAW AND APPLICABLE TO CLAIMS UNDER THE FTCA

The question of whether Ohio's affidavit of merit requirement is a substantive law, and therefore applicable to this case, is squarely before this Court for the first time. However, this Court has found a similar Tennessee statute to be a substantive state requirement applicable to FTCA suits. See e.g., Ayala v. United States, No. 12-5474, 2013 U.S. App. LEXIS 26330, at *2 (6th Cir. Jan. 10, 2013) (affirming dismissal where plaintiff failed to file certificate of good faith in compliance with Tenn. Code. Ann. § 29-26-122(c)); Burns v. United States, 542 F. App'x 461, 463 (6th Cir. 2013) (stating that Tennessee certificate of good faith requirement was substantive law applicable to FTCA cases, but remanding on the basis that liability did not require expert testimony); Daniels v. United States, No. 11-5009, 2011 WL 13202357, at *2 (6th Cir. Oct. 7, 2011) (affirming dismissal of prisoner medical malpractice complaint for failure to file certificate of good faith stating that plaintiff had consulted with an expert who believed there was a good faith basis for

maintaining the action). Therefore, contrary to Gallivan's assertion, the affidavit of merit requirement is a substantive law of Ohio, applicable to suits against the United States under the FTCA.

In determining whether Ohio R. Civ. P. 10(D)(2) supports dismissal, the majority of district courts in Ohio primarily determine whether the rule is substantive or procedural.[1] In diversity cases, a substantive law is "one that gives rise to 'state-created rights and obligations' or is otherwise 'bound up with these rights and obligations in such a way that its application in the federal court is required.'" Shropshire v. Laidlaw Transit, Inc., 550 F.3d 570, 573 (6th Cir. 2008) (quoting Byrd

---

[1] See e.g., Flonery v. United States, No. 4:17CV1068, 2018 WL 3537139, at *3 (N.D. Ohio July 23, 2018) (Pearson, J.); Davis v. United States, 302 F. Supp. 3d 951, 956-57 (S.D. Ohio 2017) (Smith, J.) (Ohio rule is substantive); Bush v. United States, No. 1:13-cv-406, 2014 WL 1308512, at *2 (S.D. Ohio Mar. 31, 2014) (Barrett, J.); Fonseca v. United States, No. 1:13CV1710, 2013 WL 6797736, at *4 (N.D. Ohio Dec. 23, 2013) (Boyko, J.) (Ohio R. Civ. P. 10(D)(2) is outcome-determinative and, thus, substantive); Kennedy v. VA, No. 2:11-cv-150, 2013 WL 5524686, at *3-4 (S.D. Ohio Oct. 4, 2013) (Frost, J.) (collecting cases); Bennafield v. United States, No. 4:12CV3010, 2013 WL 5173221, at *1-2 (N.D. Ohio Sept. 12, 2013) (Adams, J.) (Ohio affidavit of merit rule is substantive); Borders v. Lappin, No. 1:11-cv-1514, 2013 WL 3804858, at *5 (N.D. Ohio July 19, 2013) (Pearson, J.); Bierbauer v. Manenti, No. 4:09CV2142, 2010 WL 4008835, at *9-10 (N.D. Ohio Oct. 12, 2010) (Lioi, J.); Welker v. United States, 1:10CV670, 2010 U.S. Dist. LEXIS 146090, at *2 (N.D. Ohio, June 10, 2010) (Oliver, J.); Daniel v. United States, 716 F. Supp. 2d 695, 696 (N.D. Ohio 2010) (Gaughan, J.); Nicholson v. Collins, No. 1:09cv137, 2009 WL 4147884, at *3 (S.D. Ohio Nov. 23, 2009) (Barrett, J.); Perotti v. Medlin, No. 4:05CV2739, 2009 WL 723230 at *2, 10 (N.D. Ohio Mar. 16, 2009) (Economus, J.) (holding rule is substantive); Nicholson v. Catholic Health Partners, No. 4:08CV2410, 2009 WL 700768, at *2-3 (N.D. Ohio Mar. 13, 2009) (Economus J.) (same).

v. Blue Ridge Rural Elec. Coop. Inc., 356 U.S. 525, 535 (1958)). In determining whether a law is substantive or procedural in a diversity case, the Supreme Court explained that:

> [T]he question is not whether a statute of limitations is deemed a matter of "procedure" in some sence [sic]. The question is . . . does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?

Hanna v. Plumer, 380 U.S. 460, 466 (1965) (quoting Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99, 109 (1945)).

Thus, in York, the Supreme Court in diversity cases, created an outcome-determination test: whether the outcome of the case would be substantially the same in federal and state court. Id., at 466-468. "[C]ourts should strive for uniformity of outcomes between federal and state courts." Preferred Capital, Inc. v. Sarasota Kennel Club, Inc., 489 F.3d 303, 308 (6th Cir. 2007) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). The test must be applied with consideration of "the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." Hanna, 380 U.S. at 468 (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 74 (1938)). Under this test, Ohio R. Civ. P. 10(D)(2) is substantive.

The district court's analysis in Nicholson v. Catholic Health Partners, 2009 WL 700768 (Economus, J.), a diversity case, is illustrative. There, a patient filed a

complaint alleging that physicians did not diagnose or treat him for an injury to his eye. Id., at *1. The defendants moved to dismiss because the plaintiff failed to file an affidavit of merit. Id. At issue was whether Ohio law requiring an affidavit of merit, or federal law, which has no requirement, applied. Under Erie R.R. Co., 304 U.S. at 71-73, federal courts must apply state substantive law and federal procedural law when sitting in diversity or pendent jurisdiction cases. Relying on Hanna, the court stated, "the proper test to employ is an outcome-determinative test." Nicholson, 2009 WL 700768, at *3. The court, thereafter, concluded that Ohio R. Civ. P. 10(D)(2) "is outcome-determinative. . . ." id., at *4, and confirmed that the "Ohio Supreme Court has stated that the rule places a heightened pleading requirement on parties bringing medical claims and this goes directly to the sufficiency of the complaint." Id., at *5. Ohio R. Civ. P. 10(D)(2) "does not seek to merely apply a procedural rule, but rather, it seeks to accomplish an important policy consideration of deterring the filing of frivolous medical malpractice claims." Id.

> [I]f federal courts sitting in diversity did not apply this rule and Ohio courts did apply the rule, it would produce different outcomes which would encourage forum shopping and result in inequitable administration of the law because it would allow plaintiffs who would otherwise face dismissal in Ohio courts to file the claim without an affidavit of merit in federal court and proceed through discovery in federal court.

Id. Thus, the court held, "the Ohio Rule [10(D)(2)] is indeed substantive and Ohio law thus applies." Id., at *3.

Similarly, in Daniel, 716 F. Supp. 2d at 696, the plaintiff filed a medical negligence claim under the FTCA against the United States related to treatment while a patient at the Veterans Affairs Medical Center. Defendant moved to dismiss that complaint because the plaintiff failed to support his complaint with an affidavit of merit. The court, in dismissing the complaint, held:

> Applying the test set forth in Hanna v. Plumer, the Ohio rule would be controlling if this action was filed in the Ohio state courts-the action would be dismissed because a complaint for medical malpractice cannot state a claim under Ohio law unless an affidavit of merit supports the claim. Disregarding the Ohio rule in this case would significantly affect the result of the litigation as plaintiff would be permitted to proceed in the action without meeting this threshold requirement. Moreover, although forum shopping is not a concern in this case as plaintiff has only one forum, allowing plaintiff to proceed would be an inequitable administration of the laws. The Ohio rule is therefore substantive because it is outcome-determinative and it must be applied in FTCA actions. Plaintiff's claim fails because a private person would not be liable to plaintiff if he filed this suit in the Ohio courts and failed to comply with the Ohio rule.

Id. at 698 (footnote omitted).

Thus, because Ohio R. Civ. P. 10(D)(2) is a substantive requirement of Ohio tort law, it applies to actions brought in federal court under the FTCA. Under the FTCA, the United States has limited its waiver of sovereign immunity so that it is liable only "to the same extent as a private individual under like circumstances. . . ." 28 U.S.C. § 2674. Pursuant to Ohio R. Civ. P. 10(D)(2), a private healthcare provider in Ohio is subject to a medical malpractice lawsuit only when a medical expert has furnished a sworn affidavit establishing that the standard of care has been breached

by the defendant and the breach caused injury to the plaintiff. If Ohio R. Civ. P. 10(D)(2) were inapplicable to FTCA cases, then the federal government would be exposed to liability when a cause of action involving similar conduct against a private healthcare provider would be dismissed in a state court action. That incongruous result directly contravenes the purpose of the limited waiver of sovereign immunity.

Moreover, Ohio R. Civ. P. 10(D)(2) is outcome-determinative because the outcome of the litigation would be substantially different in federal court than it would be in state court. Specifically, in state court, this action would be dismissed. But if the rule did not apply in FTCA actions in federal court, then the case would proceed through discovery, be fully litigated, and the federal government would be exposed to liability. The result—"inequitable administration of the laws." Hanna, 380 U.S. at 468. Thus, the Ohio Supreme Court has explained that Ohio R. Civ. P. 10(D)(2) places a heightened pleading requirement on parties bringing a medical claim, which "goes directly to the sufficiency of the complaint. . . . ," and confirms that it is a substantive requirement applicable to FTCA cases. Fletcher, 897 N.E.2d at 150.

Numerous district courts in Ohio employing such analysis have applied Ohio R. Civ. P. 10(D)(2) to medical malpractice claims under the FTCA. See e.g., Flonery, 2018 WL 3537139, at *3 (N.D. Ohio, Pearson, J.); Davis, 302 F. Supp. 3d

at 956-57 (S.D. Ohio, Smith, J.) (Ohio rule is substantive); Bush, 2014 WL 1308512, at *2 (S.D. Ohio, Barrett, J.)(same); Fonseca, 2013 WL 6797736, at *4 (N.D. Ohio, Boyko, J.) (Ohio R. Civ. P. 10(D)(2) is outcome-determinative and, thus, substantive); Kennedy, 2013 WL 5524686, at *3-4 (S.D. Ohio, Frost, J.) (collecting cases); Bennafield, 2013 WL 5173221, at *1-2 (N.D. Ohio, Adams, J.) (Ohio affidavit of merit rule is substantive); Borders, 2013 WL 3804858, at *5 (N.D. Ohio, Pearson, J.); Welker, 2010 U.S. Dist. LEXIS 146090, at *2 (N.D. Ohio, Oliver, J.); Daniel, 716 F. Supp. 2d at 696 (N.D. Ohio, Gaughan, J.) .

## V. WHETHER A DISMISSAL IS "WITH PREJUDICE" HAS NO BEARING ON WHETHER THE RULE IS SUBSTANTIVE OR PROCEDURAL.

Amicus erroneously argues that Ohio R. Civ. P. 10(D)(2) is a procedural requirement because failing to comply with it results in a dismissal "without prejudice." (Amicus Br. 10.) However, whether or not a dismissal is with or without prejudice is irrelevant to whether Ohio R. Civ. P. 10(D)(2) is a "substantive" requirement of Ohio law for purposes of the FTCA.

The issue of whether a dismissal is "on the merits" is separate and distinct from the question of whether a requirement is substantive or procedural. The Ohio Supreme Court has explained that "a dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pleaded in any other way." Fletcher, 897 N.E.2d at 151. This is because a "dismissal with prejudice operates as

an adjudication on the merits." Id. at 150 (citing Thomas v. Freeman, 680 N.E.2d 997, 1001 n.2 (Ohio 1997)). Since Ohio R. Civ. P. 10(D)(2)(d) provides that "[a]ny dismissal for failure to comply with [the affidavit of merit requirement] shall operate as a failure otherwise than on the merits," the Ohio Supreme Court decided that any dismissal "should be without prejudice." Fletcher, 897 N.E.2d at 150. Thus, because the general rule in Ohio is that a dismissal is without prejudice irrespective of whether a complaint lacks a substantive requirement, Amicus is incorrect in maintaining that a dismissal without prejudice is synonymous with Ohio R. Civ. P. 10(D)(2) being procedural.

In contrast, this Court in diversity cases, separately defines a substantive requirement as "one that gives rise to 'state-created rights and obligations' or is otherwise 'bound up with these rights and obligations in such a way that its application in the federal court is required.'" Shropshire, 550 F.3d at 573 (quoting Byrd v. Blue Ridge Rural Elec. Coop., 356 U.S. 525, 535 (1958)). Thus, determining whether a law is substantive or procedural requires applying the outcome-determination test set forth by the Supreme Court in Hanna, 380 U.S. at 466, and applied in the numerous decisions of the Northern and Southern Districts of Ohio as set forth above in Part IV of the Argument in this Brief.

Since the determination of whether a dismissal is with or without prejudice is an entirely separate and distinct analysis from a determination of whether a particular

requirement is substantive, the fact that a dismissal for failing to provide an affidavit of merit is without prejudice is irrelevant to the question before this Court. In applying the outcome-determination test from diversity cases, Ohio R. Civ. P. 10(D)(2) is plainly substantive. See, e.g., Fonseca, 2013 WL 6797736, at *4 (rejecting plaintiff's contention that dismissal otherwise than on the merits renders requirement procedural); Daniel, 716 F. Supp. 2d at 698 (same).

## VI. OTHER CIRCUIT COURTS HAVE FOUND SIMILAR AFFIDAVIT OF MERIT REQUIREMENTS ARE SUBSTANTIVE STATE LAW APPLICABLE TO FTCA ACTIONS

In considering similar state requirements, circuit courts around the country have consistently determined that such requirements are substantive state law applicable to FTCA actions. E.g., Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1117 (10th Cir. 2004) (Colorado law requiring plaintiff to file certificate of review with medical malpractice complaint is substantive and applies in FTCA actions); Swails v. United States, 406 F. App'x 124, 125-26 (9th Cir. 2010) (same, for Nevada affidavit of merit requirement); Bramson v. Sulayman, 251 F. App'x 84, 87 n.2 (3d Cir. 2007) (per curiam) (same, for New Jersey affidavit of merit requirement). This is the case even where, like in Ohio, the requirement is contained within a state rule of civil procedure. In Smith v. United States, 498 F. App'x 120, 121 (3d Cir. 2012), for example, the Third Circuit stated that Pa. R. Civ. P. 1042.3(a), requiring a certificate of merit to be attached to a complaint alleging medical malpractice in

Pennsylvania, was a substantive rule and applied even in FTCA actions in federal court. Other courts have followed suit. See also, O'Neil v. Anderson, 372 F. App'x 400, 402 n.1 (4th Cir. 2010) (finding that limitations on tort claims in West Virginia, such as the screening certificate requirement, apply to FTCA claims); Cestnick v. Fed. Bureau of Prisons, 84 F. App'x 51, 54 (10th Cir. 2003); Horne v. United States, 223 F. App'x 154, 156 (3d Cir. 2007); Mathison v. United States, 44 F. App'x 27, 29 (8th Cir. 2002); see generally, Jones v. Corr. Med. Servs., Inc., 845 F. Supp. 2d 824, 854 (W.D. Mich. 2012) ("[A] majority of courts – including all of the circuit courts to decide the question – have applied these [certificate of merit or affidavit of merit] requirements to federal actions.")

## VII. MINORITY APPROACH FINDING THAT OHIO R. CIV. P. 10(D)(2) CONFLICTS WITH THE FEDERAL RULES CIVIL PROCEDURE IS NOT APPLICABLE TO SUITS UNDER THE FTCA

Gallivan and Amicus incorrectly argue that the Court should first determine whether the affidavit of merit requirement collides with the Federal Rules of Civil Procedure under Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010), a diversity case, before determining whether the rule is substantive or procedural. Such an approach cannot apply where the FTCA requires the application of state substantive tort law as a condition of the limited waiver of sovereign immunity conferring jurisdiction. 28 U.S.C. §§ 1346(b)(1) and 2674.

While a conflict analysis may be appropriate in diversity cases, it is not applicable to claims brought under the FTCA. In Thompson v. United States, No. 1:13-CV-00550, 2013 WL 3480347 (N.D. Ohio July 10, 2013), the district court articulated that, under Hanna, "the Supreme Court held that a federal court sitting in diversity 'must determine whether a Federal Rule directly "collides" with the state law it is being urged to apply'" before reaching the substantive/procedural question in diversity cases. Id., at *2 (emphasis added) (quoting Chamberlain v. Giampapa, 210 F.3d 154, 159 (3d Cir. 2000), citing Hanna, 380 U.S. at 470-74). This is because "'[t]he purpose of the Erie doctrine, even as extended in York and Ragan [v. Merchs. Transfer & Warehouse Co., 337 U.S. 530 (1949)] was never to bottle up federal courts with 'outcome-determinative' and 'integral-relations' stoppers—when there are 'affirmative countervailing [federal] considerations' and when there is a Congressional mandate (the Rules) supported by constitutional authority.'" Hanna, 380 U.S. at 473 (favorably quoting Lumbermen's Mut. Cas. Co. v. Wright, 322 F.2d 759, 764 (5th Cir. 1963)). In FTCA cases, however, the application of state substantive law is mandated by Congress, which created the requirement that the liability of the federal government is determined in accordance with the substantive tort law of the state where liability arose. 28 U.S.C. §§ 1346(b)(1) and 2674. Therefore, this Court should limit its analysis, as done by numerous other courts and as required by the FTCA, to whether the Ohio rule is substantive or procedural.

To hold otherwise would contravene the FTCA's limited waiver of sovereign immunity, which makes the United States liable in tort only to the extent that "a private person[] would be liable … in accordance with the law of the place where the act or omission occurred," 28 U.S.C. §§ 1346(b)(1) and 2674; see generally, Hill, 393 F.3d at 1118 (United States can only be liable in "like circumstances" to the extent that Colorado's certificate of review provision, a prerequisite for state law claims alleging professional negligence by licensed professionals, "equally applies to the psychologists and psychiatrists it employs."). Put simply, "the FTCA subjects the United States to liability 'to the same extent' as an ordinary person; it does not expose the United States to broader liability." Himes v. United States, 645 F.3d 771, 780 (6th Cir. 2011).

In any case, Shady Grove is distinguishable. There, the court considered whether a New York statute prohibiting certain class actions conflicted with Fed. R. Civ. P. 23, which sets forth the requirements for a suit to proceed as a class action in federal court, when a federal court exercises diversity jurisdiction. Shady Grove, 559 U.S. at 401. The Court addressed a conflict regarding the rules governing the vehicle through which a plaintiff may seek relief from a court sitting in diversity. Id. Notably, the Court did not consider whether the statutory waiver of sovereign immunity, permitting suit in the first instance, requires that the substantive law of the state be applied, as the FTCA does.

## VIII. OHIO R. CIV. P. 10(D)(2) DOES NOT CONFLICT WITH THE FEDERAL RULES OF CIVIL PROCEDURE.

As a threshold matter, Hanna and its progeny address the question of how courts exercising diversity jurisdiction should resolve conflicts between state laws and federal procedural rules. But this case does not involve the exercise of diversity jurisdiction. Gallivan invoked the jurisdictional provisions of the Federal Tort Claims Act, a federal statute that requires the application of state substantive tort law, in the context of a limited waiver of sovereign immunity. Hanna and Shady Grove simply do not speak to that situation.

Even if the approach under Hanna and Shady Grove was relevant to this case, the first step in such an analysis would be to determine "whether the scope of the Federal Rule in fact is sufficiently broad as to control the issue before the Court. It is only if that question is answered affirmatively that the Hanna analysis applies." Walker v. Armco Steel Corp., 446 U.S. 740, 749-50 (1980). The Federal Rules in question, Fed. R. Civ. P. 8 and 9, do not conflict with Ohio R. Civ. P. 10(D)(2).

Fed. R. Civ. P. 8 and 9 dictate the contents of pleadings and the degree of specificity that is required. Consistent with Fed. R. Civ. P. 8, a complaint must contain a short and plain statement of (1) the grounds for the court's jurisdiction, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. But the affidavit of merit required by Ohio R. Civ. P. 10(D)(2) does not address the content of the pleading itself, has no bearing on the specificity of the

allegations therein, and does not require a statement of the factual basis for the claim. Rather, the affidavit is part of the prima facie case of a medical claim. Fletcher, 897 N.E.2d at 150. In fact, although the rule requires such an affidavit to be attached to the complaint, it also allows for a plaintiff to separately file the affidavit at a later date after seeking leave from the court. Ohio R. Civ. P. 10(D)(2)(b).

In addition, as the Third Circuit explained with regard to a New Jersey statute requiring a similar affidavit of merit, such a requirement does not conflict with the Federal Rules of Civil Procedure because the purpose of the New Jersey statute [and likewise the Ohio rule] is "not to give notice of the plaintiff's claim, but rather to assure that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings." Chamberlain, 210 F.3d at 160; see also Fletcher, 897 N.E.2d at 149 ("[c]learly the purpose behind the rule is to deter the filing of frivolous medical-malpractice claims.")

Thus, most courts that have examined other states' certificates or affidavits of merit requirements have found no conflict between the Federal Rules of Civil Procedure and the certificates or affidavits at issue. See generally Hahn v. Walsh, 762 F.3d 617, 629-32 (7th Cir. 2014) (Illinois affidavit and report requirement for medical malpractice claims does not conflict with Fed. R. Civ. P. 8), Chamberlain, 210 F.3d at 160 (3d Cir. 2000) (same for New Jersey affidavit of merit law); Jones, 845 F. Supp. 2d at 855-56; Clark v. Sarasota Cty. Pub. Hosp. Bd., 65 F. Supp. 2d

1308, 1313 (M.D. Fla. 1998) aff'd without op., 190 F.3d 541 (11th Cir. 1999) (no conflict between Florida certificate of merit statute and Fed. R. Civ. P. 8); but see Braddock v. Orlando Reg'l Health Care Sys., Inc., 881 F. Supp. 580, 584 (M.D. Fla. 1995) (Florida certificate of merit statute conflicts with Fed. R. Civ. P. 8.) Thus, because there is no direct conflict between Fed. R. Civ. P. 8 and 9 and Ohio R. Civ. P.10(D)(2), and the district court's dismissal should be affirmed.

## CONCLUSION

For the reasons articulated above, the United States respectfully requests that this Court affirm the district court's dismissal of Gallivan's Complaint for failure to attach an affidavit of merit in compliance with Ohio R. Civ. P. 10(D)(2).

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney
Northern District of Ohio

By: s/ Ruchi V. Asher
Ruchi V. Asher
Assistant United States Attorney
801 W. Superior Avenue, Suite 400
Cleveland, OH 44113
Telephone: 216-622-3718
E-Mail: Ruchi.Asher@usdoj.gov
Attorney for Appellee

# CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2019, a copy of the foregoing Brief of the Appellee was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

In addition, I mailed a copy of the brief to pro se Plaintiff-Appellant Dennis Gallivan by ordinary U.S. mail on April 17, 2019, to the following address:

Dennis P. Gallivan
Register Number 18969-026
FCI Elkton
Federal Correctional Institution
P. O. Box 10
Lisbon, Ohio 44432

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney
Northern District of Ohio

By: s/ Ruchi V. Asher
Ruchi V. Asher
Assistant United States Attorney
801 W. Superior Avenue, Suite 400
Cleveland, OH 44113
Telephone: 216-622-3718
E-Mail: Ruchi.Asher@usdoj.gov

Attorney for Appellee

# ADDENDUM

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

The following documents from the district court's record are designated as relevant district court documents pursuant to 6 Cir. R. 28(b)(1)(A)(i) and 30(g)(1):

| DOCKET ENTRY NUMBER | DESCRIPTION OF DOCUMENT | PageID # |
|---|---|---|
| 1 | Complaint | 1-3 |
| 7 | Memorandum of Opinion and Order | 28-34 |
| 8 | Judgment Entry | 35 |
| 9 | Notice of Appeal | 36 |