NO. 18-3874

---

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

DENNIS GALLIVAN,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

---

Appeal from the United States District Court
for the Northern District of Ohio

---

# SUPPLEMENTAL BRIEF OF APPELLEE

---

JUSTIN E. HERDMAN
United States Attorney
Northern District of Ohio

BY: Ruchi V. Asher
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
Telephone: (216) 622-3718

Attorney for Appellee

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ........................................................................... iv

I. THE CONFLICT ANALYSIS SET FORTH IN SHADY GROVE IS NOT APPLICABLE TO SUITS UNDER THE FTCA ........................................................................ 2

A. The Shady Grove Framework ................................................ 2

B. The Text of the FTCA Provides the Applicable Law in Deciding Tort Claims Against the United States ................ 3

C. The Federal Rules of Civil Procedure Do Not Prevent the Application of State Law Under the FTCA's Conditional Waiver of Sovereign Immunity ........................... 6

II. THIS COURT NEED NOT DECIDE WHETHER THERE IS A DIRECT COLLISION BETWEEN OHIO R. CIV. P. 10(D)(2) AND THE FEDERAL RULES OF CIVIL PROCEDURE ................................................ 9

A. Background of Ohio's Affidavit of Merit Requirement ........................................................................ 10

B. Ohio's Affidavit of Merit Requirement Does Not Conflict with Fed. R. Civ. P. 8, 9, and 12 .............................. 12

C. Ohio's Affidavit of Merit Requirement Does Not Conflict with Fed. R. Civ. P. 11 ............................................ 13

III. THIS COURT NEED NOT DECIDE WHETHER A FEDERAL RULE IS VALID UNDER THE RULES ENABLING ACT, 28 U.S.C. § 2072, BECAUSE THE APPLICATION OF THE WHOLE TORT LAW OF THE STATE UNDER THE FTCA DOES NOT REQUIRE A DETERMINATION OF THE VALIDITY OF THE FEDERAL RULES OF CIVIL PROCEDURE ............................ 15

CONCLUSION ........................................................................................ 17

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

CASES PAGE(S)

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ............................................... 13

Carbone v. Cable News Network, Inc., 910 F.3d 1345
(11th Cir. 2018) ................................................................................... 13

Carlson v. Green, 446 U.S. 14 (1980) ......................................................... 4

Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir. 2000) ..................................... 12

Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) ................................................... 3

FDIC v. Meyer, 510 U.S. 471 (1994) ........................................................... 5

Fletcher v. Univ. Hosps. of Cleveland, 897 N.E.2d 147 (2008) ...................... 10, 13

Flores v. United States, 689 F.3d 894 (8th Cir. 2012) ......................................... 12

Gipson v. United States, 631 F.3d 448 (7th Cir. 2011) ....................................... 11

Godin v. Schencks, 629 F.3d 79 (1st Cir. 2010) .................................................. 13

Gregg v. Georgia, 428 U.S. 153 (1976) .............................................................. 16

Hahn v. Walsh, 762 F.3d 617 (7th Cir. 2014) ......................................... 12, 13, 14

Hanna v. Plumer, 380 U.S. 460 (1965) .................................................................. 9

Hiatt v. S. Health Facilities, Inc., 626 N.E. 2d 71 (Ohio 1994) ............................. 11

Hill v. SmithKline Beecham Corp., 393 F.3d 1111 (10th Cir. 2004) .................... 12

Liggon–Redding v. Estate of Sugarman, 659 F.3d 258 (3d Cir. 2011) ................. 12

Marks v. United States, 430 U.S. 188 (1977) ........................................................ 16

Milligan v. United States, 670 F.3d 686 (6th Cir. 2012) ......................................... 5

Miree v. DeKalb Cty., 433 U.S. 25 (1977) ............................................................ 6

Myers v. United States, 17 F.3d 890 (6th Cir. 1994) ............................................... 3

Passmore v. Baylor Health Care Sys., 823 F.3d 292 (5th Cir. 2016) .................... 12

Phillips v. Philip Morris Cos., 290 F.R.D. 476 (N.D. Ohio 2013) ........................ 16

Ramage v. Cent. Ohio Emergency Servs., Inc.,
592 N.E.2d 828 (1994) ........................................................................... 10

Rayonier Inc. v. United States, 352 U.S. 315 (1957) ............................................. 6

Richards v. United States, 369 U.S. 1 (1962) ..................................... 2, 3, 5, 6, 8, 9

RTC Mortg. Tr. v. Fid. Nat'l Title Ins. Co., 981 F. Supp. 334
(D. N.J. 1997) .............................................................................................. 14

Schmigel v. Uchal, 800 F.3d 113 (3d Cir. 2015) .................................................. 12

Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,
559 U.S. 393 (2010) ....................................................... 1, 2, 3, 8, 9, 12, 15, 16

Sibbach v. Wilson & Co., 312 U.S. 1 (1941) ) .................................................. 7, 8

State ex rel. Ohio Acad. of Trial Lawyers v. Sheward,
715 N.E.2d 1062 (Ohio 1999) ............................................................ 10-11

United States v. Cundiff, 555 F.3d 200 (6th Cir.2009) .................................. 16-17

United States v. Kwai Fun Wong, 135 S. Ct. 1625 (2015) .................................... 7

United States v. Muniz, 374 U.S. 150 (1963) ................................................ 4, 5, 6

United States v. Yellow Cab Co., 340 U.S. 543 (1951) ........................................ 6

Velazquez v. UPMC Bedford Mem'l Hosp., 28 F. Supp. 2d 549
(W.D. Pa. 2004) ........................................................................................ 14

Walker v. Armco Steel Corp., 446 U.S. 740 (1980) ................................................ 9

Young v. United States, 71 F.3d 1238 (6th Cir. 1995) ........................................... 5

Zayler v. USDA (In re Supreme Beef Processors, Inc.),
468 F.3d 248 (5th Cir. 2006) ........................................................................ 4

STATUTES

28 U.S.C. § 1346 .......................................................................................... 3

28 U.S.C. § 1346(b) .................................................................. 1, 4, 5, 6, 7, 8, 17

28 U.S.C. § 1346(b)(1) ........................................................................... 4, 7, 15

28 U.S.C. § 2072 .......................................................................................... 1

28 U.S.C. § 2671-2680 .................................................................................. 1

28 U.S.C. § 2674 ........................................................ 1, 2, 3, 4, 6, 7, 8, 9, 15, 17

LEGISLATIVE REPORTS

H.R. Rep. No. 80-308 (1947) .......... 7

S. Rep. No. 79-1400 (1946) .......... 5

S. Rep. No. 80-1559 (1948) .......... 7

FEDERAL RULES

Fed. R. Civ. P. 8 .......... 12, 13

Fed. R. Civ. P. 9 .......... 12

Fed. R. Civ. P. 11 .......... 12, 13, 14

Fed. R. Civ. P. 11(a) .......... 13, 14

Fed. R. Civ. P. 11(b)(1) .......... 14

Fed. R. Civ. P. 12 .......... 12, 13

Fed. R. Civ. P. 23 .......... 2, 15

Fed. R. Civ. P. 26 .......... 12

Fed. R. Civ. P. 37 .......... 12

Fed. R. Civ. P. 54(d) .......... 14

STATE RULE

Ohio R. Civ. P. 10(D)(2) ................................................ 1, 2, 10, 11, 12, 14, 15, 17

LAW REVIEW ARTICLE

Benjamin Grossberg, Uniformity, Federalism, and Tort Reform: The Erie Implications of Med. Malpractice Certificate of Merit Statutes, 159 U. Pa. L. Rev. 217 (2010) ..................................................................... 14

On August 30, 2018, the district court, correctly applying Ohio tort law as incorporated into federal law by the Federal Tort Claims Act [hereinafter FTCA], 28 U.S.C. §§ 1346(b), 2671-2680, dismissed Gallivan's medical malpractice complaint for failure to file an affidavit of merit as required by Ohio R. Civ. P. 10(D)(2). Gallivan brought this appeal, and after briefing on the merits, this Court requested supplemental briefing on the following issues:

> 1. Although Gallivan brings his claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., should the court follow the conflict analysis set forth in Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010) and determine whether Ohio R. Civ. P. 10(D)(2) directly collides with the Federal Rules of Civil Procedure?
>
> 2. If Shady Grove applies, is there a direct collision between Ohio R. Civ. P. 10(D)(2) and the Federal Rules of Civil Procedure?
>
> 3. If there is a direct collision between Ohio R. Civ. P. 10(D)(2) and the Federal Rules of Civil Procedure, which opinion in Shady Grove provides the controlling test for determining whether a Federal Rule is valid under the Rules Enabling Act, 28 U.S.C. § 2072?

(Suppl. Br. Order, Doc. 36.)

Applying the Supreme Court's "collision" analysis in Shady Grove misframes the interplay between federal law, the FTCA, and the Federal Rules of Civil Procedure. The correct inquiry is not whether a state law, Ohio R. Civ. P. 10(D)(2), conflicts with the Federal Rules of Civil Procedure, but rather, whether the federal statutes, 28 U.S.C. §§ 1346(b) and 2674, require the application of Ohio R. Civ. P. 10(D)(2). The conflict analysis articulated in Shady Grove has no bearing on claims

under 28 U.S.C. §§ 1346(b) and 2674, which require the "application of the whole law of the State where the act or omission occurred." Richards v. United States, 369 U.S. 1, 11 (1962).

## I. THE CONFLICT ANALYSIS SET FORTH IN SHADY GROVE IS NOT APPLICABLE TO SUITS UNDER THE FTCA.

The first question presented in this Court's Supplemental Briefing Order is whether the Court should determine whether Ohio R. Civ. P. 10(D)(2) directly collides with the Federal Rules of Civil Procedure, following the conflict analysis set forth in Shady Grove. (Suppl. Br. Order Doc. 36.) However, beginning with an analysis of whether a state rule of civil procedure collides with a federal rule of civil procedure ignores the express language of the FTCA, which waives the sovereign immunity of the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b), and "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

### A. The Shady Grove Framework

Shady Grove involved a class action brought before a court sitting in diversity; there, the court examined the validity of a New York statute regulating whether certain claims could be brought as class actions in light of Fed. R. Civ. P. 23. 559 U.S. at 398-98. The conflict analysis in Shady Grove began with the premise, "[w]e

must first determine whether Rule 23 answers the question in dispute." Id. at 398. "We do not wade into Erie's [Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)] murky waters unless the federal rule is inapplicable or invalid." Shady Grove, 559 U.S. at 398.

B. The Text of the FTCA Provides the Applicable Law in Deciding Tort Claims Against the United States.

It is undisputed that the FTCA provides the basis for federal subject-matter jurisdiction over Gallivan's complaint against the United States. (R. 1 Compl. PageID # 1.) In suits where jurisdiction is based upon a federal statute, courts must look to the statute for direction. "[B]ecause the issue of the applicable law is controlled by a formal expression of the will of Congress, we need not pause to consider the question whether the conflict-of-laws rule applied in suits where federal jurisdiction rests upon diversity of citizenship shall be extended to a case such as this, in which jurisdiction is based upon a federal statute." Richards, 369 U.S. at 7 (determining which state's law governs suit under the FTCA).

A plaintiff may only bring a claim in tort against the United States as permitted under the FTCA. 28 U.S.C. §§ 1346, 2671-2680. "[T]he FTCA does not create liability, it merely waives sovereign immunity to the extent that state-law would impose liability on 'a private individual in similar circumstances.'" Myers v. United States, 17 F.3d 890, 899 (6th Cir. 1994) (citing 28 U.S.C. § 2674). Thus, "an action under FTCA exists only if the State in which the alleged misconduct occurred would

permit a cause of action for that misconduct to go forward." Carlson v. Green, 446 U.S. 14, 23 (1980) (citing 28 U.S.C. § 1346(b)). The corollary being, of course, that where the State would not permit a cause of action to go forward, neither would the FTCA. See Zayler v. USDA (In re Supreme Beef Processors, Inc.), 468 F.3d 248, 252 (5th Cir. 2006) (en banc) (the FTCA allows a plaintiff to pursue tort actions against the federal government, and it holds the government liable as if it were a defendant in state court, subject to strict limitations).

The text of the relevant provisions of the FTCA unambiguously dictates under what circumstances, and according to what law, tort claims against the United States are to be decided. See, id. First, 28 U.S.C. § 1346(b)(1) states, in pertinent part:

> [T]he District Courts […] shall have exclusive jurisdiction of civil actions on claims against the United States, for … personal injury … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

(Emphasis added.)

The FTCA also provides that the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as private individual under like circumstances…." 28 U.S.C. § 2674 (emphasis added). By vesting jurisdiction in the district courts, "Congress used neither intricate nor restrictive language in waiving the Government's sovereign immunity." United States v. Muniz, 374 U.S. 150, 152 (1963). Congress's intention

in these two statutes is clear: "[w]hether a claim could be made out would depend upon whether a private individual under like circumstances would be liable under state law . . . ." Id. at 153 (holding that Congress intended to permit suits by federal prisoners.)(emphasis added); see also, S. Rep. No. 79-1400, at 32 (1946) (purpose of FTCA was to make the tort liability of the United States "the same as that of a private person under like circumstance, in accordance with the local law"). The statute is "intimately related to state law." Richards, 369 U.S. at 11.

> It is evident that the Act [FTCA] was not patterned to operate with complete independence from the principles of law developed in the common law and refined by statute and judicial decision in the various States. Rather, it was designed to build upon the legal relationships formulated and characterized by the States, and, to that extent, the statutory scheme is exemplary of the generally interstitial character of federal law.

Id. at 6-7. Simply put, an FTCA suit cannot go forward in federal court when a plaintiff fails to state a claim against the United States that would result in liability under state law against a private individual under like circumstances.

Thus, the narrow waiver of sovereign immunity contained in the FTCA requires a court to apply the law of the place where the act or omission occurred. Milligan v. United States, 670 F.3d 686, 692 (6th Cir. 2012); Young v. United States, 71 F.3d 1238, 1242 (6th Cir. 1995). Indeed, the Supreme Court has "consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State – the source of substantive liability under the FTCA." FDIC v. Meyer, 510

U.S. 471, 478 (1994); see also Miree v. DeKalb Cty., 433 U.S. 25, 29, n.4 (1977); Muniz, 374 U.S. at 153; Rayonier, Inc. v. United States, 352 U.S. 315, 318, (1957); see also, Richards, 369 U.S. at 6-7, 11 ("Thus, we conclude that a reading of the statute [28 U.S.C. §§ 2674 and 1346(b)] as a whole, with due regard to its purpose, requires application of the whole law of the State where the act or omission occurred." (emphasis added).)

### C. The Federal Rules of Civil Procedure Do Not Prevent the Application of State Law Under the FTCA's Conditional Waiver of Sovereign Immunity

The FTCA's incorporation of the Federal Rules of Civil Procedure on matters of practice and procedure does not prevent its incorporation of state law pursuant to 28 U.S.C. §§ 1346(b) and 2674.

The language from Sec. 411 of the original FTCA as passed by Congress in 1946 provided, "[i]n actions under this part (suits on tort claims against the United States), the forms of process, writs, pleadings, and motions, and the practice and procedure, shall be in accordance with the rules promulgated by the Supreme Court pursuant to the Act of June 19, 1934 (48 Stat. 1064) (Federal Rules of Civil Procedure;. . . .") United States v. Yellow Cab Co., 340 U.S. 543, 553 n.9 (1951) (emphasis added). Even in its original iteration, the FTCA stated that it is only the "forms of process, writs, pleadings, and motions, and the practice and procedure" that "shall be in accordance with the Federal Rules of Civil Procedure." Id.

(emphasis added). Nowhere has Congress expressed that the Federal Rules of Civil Procedure governs tort claims at the expense of statutory requirements. See, H.R. Rep. No. 80-308 at A114-25 (1947; S. Rep. No. 80-1559 at 11-12 (1948).

Thus, neither the text nor history of the FTCA indicate that the jurisdictional requirements of 28 U.S.C. §§ 1346(b) and 2674 – including the application of the law of the place where the act or omission occurred – may be abrogated solely by procedural rule. Dicta from United States v. Kwai Fun Wong, 135 S. Ct. 1625 (2015), construing the time limits for filing tort claims, is not instructive. In finding that the time limits contained in 28 U.S.C. § 2401 were subject to equitable tolling, the Supreme Court in Kwai Fun Wong noted that § 2401(b) was not jurisdictional, nor were time limits contained therein. Id. at 1633-34, 1638. In contrast, the Court acknowledged that § 1346(b) contained the FTCA's grant of jurisdiction "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id. at 1637; 28 U.S.C. § 1346(b)(1).

Similarly, Sibbach v. Wilson & Co., 312 U.S. 1 (1941), which predated the FTCA and did not involve a federal actor, is not instructive in analyzing Congress's waiver of sovereign immunity for torts. A federal cause of action against the United States in tort simply did not exist at the time. This is particularly true given that the petitioner in Sibbach conceded that the requirement in dispute was procedural, and

the state law of the place where the cause of action arose was, in fact, consistent with federal law. Sibbach, 312 U.S. at 10-11 ("On the other hand, if the right to be exempt from such an order is one of substantive law, the Rules of Decision Act required the District Court, though sitting in Illinois, to apply the law of Indiana….")

Thus, at its base, 28 U.S.C. §§ 1346(b) and 2674 are federal statutes unequivocally mandating the application of state law; any conflict between the FTCA's requirements and the Federal Rules of Civil Procedure is not informed by Shady Grove's collision analysis. Rather, the question of whether Ohio's affidavit of merit requirement applies to Gallivan's FTCA case turns solely on whether the "United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b), and whether the state law requirement is applicable in order for the United States to be liable "in the same manner and to the same extent as a private individual in like circumstances." 28 U.S.C. § 2674.[1]

---

[1] Arguably, the FTCA's application of state law may reach beyond substantive tort law and "requires application of the whole law of the State where the act or omission occurred." Richards, 369 U.S. at 11.

## II. THIS COURT NEED NOT DECIDE WHETHER THERE IS A DIRECT COLLISION BETWEEN OHIO R. CIV. P. 10(D)(2) AND THE FEDERAL RULES OF CIVIL PROCEDURE.

Under principal provision of the FTCA, 28 U.S.C. § 1346(b), and the relevant provision in 28 U.S.C. § 2674, the Court should first and foremost look to the whole law of the state where the act or omission occurred. Richards, 369 U.S. at 10-11; 28 U.S.C. § 1346(b). If application of the state law in question enables the federal courts to treat the United States, with respect to tort claims, "in the same manner and to the same extent as a private individual under like circumstances," the state law should be applied as required by 28 U.S.C. § 2674. Richards, 389 U.S. at 11. In contrast, the minority of Ohio district courts that use the Shady Grove analysis look solely at whether a federal rule conflicts with the state rule without examining the federal cause of action – the FTCA – and determining whether the state rule is applicable in the first instance. The Shady Grove approach is not a correct application of the law under the FTCA. Richards, 369 U.S. at 10-14.

Nonetheless, even if the approach under Shady Grove was relevant to this case, this Court would first need to determine "whether the scope of the Federal Rule in fact is sufficiently broad as to control the issue before the Court. It is only if that question is answered affirmatively that the Hanna [v. Plumer, 380 U.S. 460 (1965)] analysis applies." Walker v. Armco Steel Corp., 446 U.S. 740, 749-50 (1980).

Gallivan identifies Federal Rules of Civil Procedure 8, 9, 11 and 12 as being sufficiently broad as to conflict with Ohio R. Civ P. 10(D)(2).

A. Background of Ohio's Affidavit of Merit Requirement

The history of Ohio R. Civ. P. 10(D)(2), as articulated in the United States' principal brief, demonstrates the centrality of such a requirement to Ohio tort law. It is well-settled in Ohio that in order to prevail in a medical malpractice claim, a plaintiff must provide proof of the recognized standard of care, and any failure to meet the recognized standard of care, via expert testimony. Ramage v. Cent. Ohio Emergency Servs., Inc., 592 N.E.2d 828, 833 (1994). In connection with this central requirement, Ohio R. Civ. P. 10(D)(2) is intended to accompany the complaint and "requires several averments that go to the validity of a medical claim." Fletcher v. Univ. Hosps. of Cleveland, 897 N.E.2d 147, 149 (Ohio 2008). The Ohio Supreme Court "made it clear that the affidavit is necessary in order to 'establish the adequacy of the complaint,'" Id. The court drew a distinction between a failure to comply with Ohio Civ. R. 10(D)(1), which does not affect a party's ability to plead a prima facie case, and Ohio Civ. R. 10(D)(2), where the absence of an affidavit of merit renders a party unable to plead a prima facie case for medical malpractice. Id. at 170.

The Ohio General Assembly's previous attempt to enact the affidavit of merit requirement by legislation lends credence to the concept that the requirement is an integral component of tort liability under Ohio law. See, State ex rel. Ohio Acad. of

Trial Lawyers v. Sheward, 715 N.E.2d 1062, 1087 (Ohio 1999). In enacting a statutory certificate of merit requirement governing only medical and healthcare-related malpractice, the Ohio General Assembly asserted that it was a substantive law. Id.; see also, Gipson v. United States, 631 F.3d 448, 452 (7th Cir. 2011) ("If an ostensibly procedural rule of state law is confined to a particular substantive area of law, this suggests that it probably was motivated by substantive concerns and therefore should be applied by the federal court in a case governed by state law.") Although the Ohio Supreme Court struck down the requirement, along with other aspects of tort reform, as a violation of separation of powers under the Ohio Constitution, the court ultimately adopted the requirement at the legislature's request. Ohio R. Civ. P. 10 Staff Note (2005).

The statute struck down as a procedural requirement in conflict with Ohio R. Civ. P. 11 in Hiatt v. S. Health Facilities, Inc., 626 N.E. 2d 71 (Ohio 1994) is not analogous to the later-adopted Ohio R. Civ. P. 10(D)(2). That statute required an attorney or pro se claimant to submit an affidavit stating the claimant or attorney submitted a request for medical records, and that the defendant failed to produce the requested records. Id. In contrast, the affidavit of merit requirement in question more closely parallels the well-established requirement that liability be established through expert testimony.

B. Ohio's Affidavit of Merit Requirement Does Not Conflict with Fed. R. Civ. P. 8, 9 and 12.

The circuit courts that have issued reported opinions analyzing affidavits of merit in medical malpractice cases in federal court have typically held such requirements do not conflict with the pleading requirements imposed by the Federal Rules of Civil Procedure, assuming a conflict analysis was appropriate. See, e.g., Liggon–Redding v. Estate of Sugarman, 659 F.3d 258, 261–65 (3d Cir. 2011) (finding no conflict between Fed. R. Civ. P. 8 or 11 and a Pennsylvania rule of civil procedure requiring a "certificate of merit" to be filed in professional malpractice claims); Schmigel v. Uchal, 800 F.3d 113, 122 (3d Cir. 2015) (finding no conflict between Fed. R. Civ. P. 12 and Pennsylvania requirement); Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir. 2000); but see, Passmore v. Baylor Health Care Sys., 823 F.3d 292, 299 (5th Cir. 2016) (finding Texas' expert report filing requirement to conflict with Fed. R. Civ. P. 26 and 37). See also, Flores v. United States, 689 F.3d 894, 900 (8th Cir. 2012) (consequence of non-compliance with Minnesota affidavit of merit requirement in FTCA suit is dismissal, without undertaking Shady Grove analysis); Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1117-18 (10th Cir. 2004). In Hahn v. Walsh, 762 F.3d 617 (7th Cir. 2014), for example, the Seventh Circuit recognized that Fed. R. Civ. P. 8 requires a jurisdictional statement, statement of the claim, and a demand for relief, but also serves the purpose of providing a defendant with fair notice of the claims against

him. Hahn, 762 F.3d at 632; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Hahn thus explained that the purpose of the Illinois affidavit of merit statute, deterring frivolous medical malpractice claims, is sufficiently different so as not to conflict with Fed. R. Civ. P. 8. Hahn, 762 F.3d at 633. Similarly, the Ohio rule is designed for the same policy effect. Fletcher, 897 N.E.2d at 149.

Second, because the affidavit of merit forms a prima facie case of a medical claim, a claimant simply cannot show that he is entitled to relief without an affidavit of merit – an essential element of a medical malpractice claim. Fletcher, 897 N.E. 2d at 150.

Finally, the Eleventh Circuit's non-analogous decision in Carbone v. Cable News Network, Inc., 910 F.3d 1345 (11th Cir. 2018), does not provide the correct analysis for a medical malpractice claim brought under the FTCA. Cf., Godin v. Schencks, 629 F.3d 79, 91 (1st Cir. 2010) (Maine anti-SLAPP statute did not conflict with Fed. R. Civ. P. 12, although it allowed a motion to dismiss under circumstances not contained in Fed. R. Civ. P. 12.) As such, Ohio R. Civ. P. 10(D)(2) does not directly collide with the pleading requirements of the Federal Rules of Civil Procedure.

### C. Ohio's Affidavit of Merit Requirement Does Not Conflict with Fed. R. Civ. P. 11.

Fed. R. Civ. P. 11(a) likewise does not directly conflict with Ohio R. Civ. P. 10(D)(2). The rule allows that "unless a rule or statute specifically states otherwise,

a pleading need not be verified or accompanied by an affidavit," but does not specify that this exception exclusively applies to federal rules or enactments. See Benjamin Grossberg, Comment: Uniformity, Federalism, and Tort Reform: The Erie Implications of Med. Malpractice Certificate of Merit Statutes, 159 U. Pa. L. Rev. 217, 251 (2010). This is in contrast to Fed. R. Civ. P. 54(d), which specifically states, "[u]nless a federal statute, these rules, or court order provides otherwise, costs …. should beallowed to the prevailing party." Fed. R. Civ. P. 54(d). Fed. R. Civ. P. 11(a) thus leaves open the possibility, and indeed the likelihood, that state law may allow for, or even require, an affidavit as part of a litigant's claim. See, e.g. Velazquez v. UPMC Bedford Mem'l Hosp., 28 F. Supp. 2d 549, 555-57 (W.D. Pa. 2004) (Pennsylvania civil rule does not conflict with Fed. R. Civ. P. 11); RTC Mortg. Tr. v. Fid. Nat'l Title Ins. Co., 981 F. Supp. 334, 345 (D. N.J. 1997) (New Jersey statute does not conflict with Fed. R. Civ. P. 11).

The latter parts of Fed. R. Civ. P. 11 impose a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and "not being presented for any improper purpose…." Fed. R. Civ. P. 11(b)(1). Because these latter sections of Rule 11 refer to attorney conduct, not to (or only incidentally to), the actual merits of a plaintiff's case, Rule 11 has a sufficiently separate purpose from Ohio R. Civ. P. 10(D)(2) that no conflict exists between them. See Hahn, 762 F.3d at 632.

For these reasons, and for the reasons articulated in the United States' principal brief, Ohio R. Civ. P. 10(D)(2) does not conflict with the Federal Rules of Civil Procedure.

## III. THIS COURT NEED NOT DECIDE WHETHER A FEDERAL RULE IS VALID UNDER THE RULES ENABLING ACT, 28 U.S.C. § 2072, BECAUSE THE APPLICATION OF THE WHOLE TORT LAW OF THE STATE UNDER THE FTCA DOES NOT REQUIRE A DETERMINATION OF THE VALIDITY OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Finally, this Court requested briefing on which opinion in Shady Grove provides the controlling test for determining whether a federal rule is valid under the Rules Enabling Act, 28 U.S.C. § 2072. However, the Court need not reach this question in deciding whether the district court erred in applying Ohio Civ. R. 10(D)(2) to Gallivan's tort claim against the United States. If the Court finds that the requirement is part of the whole tort law of Ohio, then 28 U.S.C. §§ 1346(b)(1) and 2674 require its application. If Ohio R. Civ. P. 10(D)(2) is not part of the whole tort law of Ohio, then it plays no role in adjudicating tort claims against the United States in federal court, since it would not play a role in adjudicating tort claims against a private individual in state court.

The decision in Shady Grove consisted of a plurality opinion of four justices and a concurrence by Justice Stevens. While Justice Stevens agreed that the state statute conflicted with Fed. R. Civ P. 23, and concurred in the Court's ultimate judgment, he wrote separately, offering a narrower test for determining the validity

of the Rule under the Rules Enabling Act, 28 U.S.C. § 2072. Specifically, he concluded that "[a] federal rule ... cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." Shady Grove, 559 U.S. at 423 (Stevens, J., concurring.) He found that "[w]hen a federal rule appears to abridge, enlarge, or modify a substantive right, federal courts must consider whether the rule can reasonably be interpreted to avoid that impermissible result." Id. at 422-23.

As a general matter, subsequent decisions relying on Shady Grove have generally followed Justice Stevens' analysis, considering it narrower than the plurality. See Phillips v. Philip Morris Cos., 290 F.R.D. 476, 479-80 (N.D. Ohio 2013) (collecting cases). This trend is consistent with the Supreme Court's prior holding that, when there is no majority, the holding of the Court may be construed as the opinion of the justices who concurred on the narrowest grounds. See Marks v. United States, 430 U.S. 188, 193 (1977). "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.' " Id., 430 U.S. at 193 (quoting Gregg v. Georgia, 428 U.S. 153, 169 n.15, (1976)); see United States v. Cundiff, 555 F.3d 200, 209 (6th Cir.2009) ("the 'narrowest' opinion refers to the one which relies

on the 'least' doctrinally 'far-reaching-common ground' among the Justices in the majority").

Nonetheless neither the plurality nor concurrence are instructive in the present case, as this case may be decided solely on the FTCA's application of state law pursuant to 28 U.S.C. §§ 1346(b) and 2674.

## CONCLUSION

For the reasons articulated above, and in the United States' principal brief, the United States respectfully requests that this Court affirm the district court's dismissal of Gallivan's Complaint for failure to attach an affidavit of merit as required by the FTCA's application of Ohio medical malpractice law, Ohio R. Civ. P. 10(D)(2).

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney
Northern District of Ohio

By: s/ Ruchi V. Asher
Ruchi V. Asher
Assistant United States Attorney
801 W. Superior Avenue, Suite 400
Cleveland, OH 44113
Telephone: 216-622-3718
E-Mail: Ruchi.Asher@usdoj.gov
Attorney for Appellee

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2019, a copy of the foregoing Brief of the Appellee was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney
Northern District of Ohio

By: s/ Ruchi V. Asher
Ruchi V. Asher
Assistant United States Attorney
801 W. Superior Avenue, Suite 400
Cleveland, OH 44113
Telephone: 216-622-3718
E-Mail: Ruchi.Asher@usdoj.gov

Attorney for Appellee